**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-60847-CIV-WILLIAMS**

MARKEL INTERNATIONAL
INSURANCE COMPANY LIMITED,

  Plaintiff,

vs.

SPD GROUP, INC., d/b/a J.R. DUNN
JEWELERS a/k/a JAMES & ANNA M.
DUNN,

  Defendant.

_____/

**ORDER DISMISSING CASE**

**THIS MATTER** is before the Court upon a *sua sponte* review of the record.

1. In an Order dated March 11, 2013 (DE 23), the Court noted that the Parties had informed the Court that they had settled this action, and the Court required the Parties to file a joint status report or a joint stipulation to dismiss by April 11, 2013.

2. The Parties failed to make any filings.

3. On August 15, 2013, five months after the Parties informed the Court they had settled this action, the Court issued an Order to Show Cause (DE 24) requiring the Parties to explain why this action should not be dismissed for failure to comply with the March 11, 2013, Order of the Court.

4. In an apparent attempt to respond to the Court's Order to Show Cause, Defendant filed a Motion for Leave to File Third-Party Complaint on August 19, 2013 (DE 25).   The Motion fails to provide any reason or

supporting evidence to explain why the Parties did not comply with the Court's March 11, 2013 Order.

5. Defendant's Motion reiterates that the Parties have settled this action. However, the Motion requests that the Court allow Defendant, as Third-Party Plaintiff, to initiate an entirely new action against a new Defendant, piggybacking on this action with the express purpose of winning a "race to the courthouse" against the new Defendant.

6. For its part, Plaintiff responded to the Court's Order to Show Cause (DE 26) by stating that, while the Parties have settled this action, their failure to file a stipulation for dismissal was an oversight. Plaintiff further states that Defendant "is unwilling to stipulate to a dismissal at this time, despite [Plaintiff's] request that such a stipulation be executed," because of Defendant's newly filed Motion for Leave to File Third-Party Complaint.

The Court finds that the Parties have failed to show cause why this action should not be dismissed. As the Eleventh Circuit has recognized, "[t]he district court possesses the inherent power to police its docket . . . [i]ncident to [which], the judge may impose formal sanctions upon dilatory litigants . . . rang[ing] from a simple reprimand to an order dismissing the action with or without prejudice." *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.3d 101, 102 (11th Cir. 1989). Indeed, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Gratton v. Great Am. Communs.*, 178 F.3d 1373, 1374 (11th Cir. 1999).

2

Accordingly, it is hereby **ORDERED AND ADJUDGED** that this action is **DISMISSED**.  The Clerk is directed to **CLOSE** this case.  Any and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in chambers in Miami, Florida, this ___ day of August, 2013.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE